The final argument of the morning is in Appeal No. 05-5127, Raigard v. United States. Mr. Sheldon, good morning. Welcome. Please begin. May it please the Court, my name is David Sheldon and I represent the appellant in this case, Lawrence Raigard. With leaving the Court, I'd like to reserve five minutes of my time for rebuttal. Very well. The question before this Court is a question of law. While the government puts forth an argument that the decision below rests upon factual findings, and absent a finding that those findings in fact are clearly erroneous, the case should be affirmed. Is it your view that the purported contract here, the charge reduction paper, is an unambiguous contract? It is a contract. Well, I think we all agree about that. The question is, is it unambiguous? Yes, Your Honor. And you read it then as saying it unambiguously binds all elements of the U.S. government, including the Army and everybody else. What it doesn't do, Your Honor, is have language that excludes those elements. I've read it. I know what it doesn't do. But I'm asking you if your position isn't that it clearly binds all elements of the United States government. Within the context that it represents the District of Columbia, yes, Your Honor, as a federal entity. Well, I don't understand where you say the District of Columbia gets any authority to bind the United States Army. It's a different entity. It's a federal entity, Your Honor. Well, so what? I mean, suppose I enter into a contract with the District of Columbia government to sell them something, and I provide it to them, and they refuse to pay for it. Can I sue the United States in the Court of Federal Claims for breach of contract? What's the answer to my question? No, Your Honor. Why not? What's the difference? For purposes of a criminal prosecution on contract law, yes, Your Honor, the District of Columbia binds the United States Army, just as it binds the United States Attorney's Office. And there's case law directly on point. In fact, the government concedes that point on page 16 in their brief. As I read the contract, what the contract, the agreement or contract, whatever you want to call it, says is that if he will do 40 hours of community service, the Corporation Council, who under some statute or regulation is charged with enforcing this statute, the Corporation Council will dismiss the criminal case against him. And that's exactly what happened, isn't it? He did his 40 hours of community service, and they dismissed the case. Now, where does that somehow bind the Army? I don't understand that. Because it's a federal entity. We cite cases in our brief, Your Honor, where Margolovic, Oliveras… What is a federal entity? The District of Columbia? Yes, Your Honor. For what purpose? For all purposes. For all purposes? Yes, Your Honor. Let me ask you this hypothetical question to take it away from the peculiar structure of the District of Columbia government and the extent to which it has federal overtone versus state or local overtone. Suppose I'm the United States Attorney in Pittsburgh, and I decide to dismiss criminal charges against Captain Raggard for acts occurring in Pittsburgh. I'm the U.S. Attorney. Does my decision to not prosecute preclude the application of the Code of Military Justice in a court-martial against that officer? The answer is no, but I'd like to explain why. Well, if the answer to that is no, then why don't we get the same answer when it's the District of Columbia? Because even assuming that the Corporation Council somehow wears the hat of a federal prosecutor, the federal prosecutor cannot preclude the Army from a court-martial prosecution. Let me copy out my answer in terms that, in this case, there was a pretrial diversion agreement that was entered into. Where is that agreement in the record? Page 7, Your Honor, of the appellee's brief. Page 7? Mm-hmm. Read read. Well, page 7 is the referral notice. I'm sorry, Your Honor. And page 8 is the community service agreement that just talks about an agreement to complete 40 hours of community service. Where is there any sort of agreement here not to prosecute or even to dismiss? Yes, Your Honor. In terms of, it was agreed upon by the District of Columbia Corporation Council. Orally? I believe during the course of the initial arraignment. But there's no writing, is Judge Wynn correct, that there's no writing containing a promise to drop the charges, assuming that this community service has been successfully concluded? That is how pretrial diversion works in the Superior Court for the District. But you agree there's no writing embodying any such promise? Correct, Your Honor. Then how can there be a contract? Now I'm even more confused because the opinion of the United States Army Court of Criminal Appeals that appears beginning at page 11 of the appendix refers on page 14 to something called a, quote, notice of eligibility, quote. This is on page 14. Yes, Your Honor. The bottom of the left column. And it says, as stated in the, quote, notice of eligibility, quote, given to the appellant, the D.C. Corporation Council Office agreed to dismiss the charge of indecent exposure in the D.C. Superior Court if the appellant successfully completed 40 hours of community service. And that happens during the arraignment. And there is a document. Is that the agreement that we're at the heart of this case? It's not included in this information. Well, how are we supposed to evaluate this case? I will submit it. I believe it was submitted in the claims court proceedings as well. Well, assuming that the document says what this opinion says it does, then it seems to me it's clearly an agreement signed by the D.C. Corporation Council's office, not signed by a U.S. attorney. It doesn't have to be signed by a United States attorney. I realize that. But doesn't that distinguish this from the case you mentioned earlier? No, Your Honor. The Margali Olivera case, which involved a U.S. attorney? No, Your Honor. I think within the peculiar structure of the District of Columbia, given that it is a federal entity, it is not necessary that it be a United States attorney or an I.N.S. agent. Well, that's your opinion. But on what basis do you have to? I believe that Margali Olivera stands for that proposition, as well as the other cases that we— No, but that case dealt with an assistant U.S. attorney. Your Honor, in terms of asking or answering your opinion, what precedent exists, I do not believe that there is precedent. Just as the Army Corps represented, this is a case of first impression. Mr. Sheldon, is it your view that the Olivera case is exactly comparable to this case? No, it's not exactly comparable. It's analogous. All right, analogous. Is that the case involving whether I.N.S. was bound by the promise of the U.S. attorney? Yes, Your Honor. But I.N.S., at that point, as I recall, was a subdivision of the Department of Justice. The U.S. attorney is an employee of the Department of Justice. So, of course, what a U.S. attorney would tell a court would bind I.N.S. or the FBI or DEA or any other subdivision of the Justice Department. But here, you can't be maintaining, can you, that the Department of the Army is a subdivision of the District of Columbia local government. Of course not, Your Honor. Then how is this case fairly called analogous? Because it's within the structure of the federal government. Just as if the United States... Well, but as soon as you say within the structure of the federal government, then it seems to me anything that the District of Columbia does somehow is chargeable as part of activities of the federal government, and the federal government is liable for any improprieties by the District of Columbia. In good verse of Markley, the District of Columbia Court of Appeals specifically said that residents of the District of Columbia enjoy more protection in that they cannot be prosecuted for offenses in the Superior Court and in the federal court. And that's analogous to this situation. Well, maybe. I mean, you can say it's analogous, but as I understand it, there's ample case law that suggests that the Uniform Code of Military Justice is a parallel justice system, and that a promise of a prosecutor in the one system would not bind the other. For example, suppose that I'm Major Birdsong, and I'm a military prosecutor, and Judge Lynn does something wrong and he's being prosecuted in the military justice system, I'm the prosecutor and I dismiss the charges. Under your logic, the district attorney in Philadelphia would be precluded from prosecuting Mr. Lynn for the underlying criminal conduct because I, being Major Birdsong, the military prosecutor, dropped the case in the military system. No, Your Honor. I'm not saying that at all. Then I don't understand what you're saying. If you're not saying the one system's position binds the other, then I don't understand that you're saying anything relevant. It depends on the circumstances, Your Honor, of why the charges were in fact dropped or how they were disposed of. And I see my time is up. I have to make one suggestion to you in connection before you sit down. With the previous discussion of what these agreements provided, where it was difficult to find anything in writing before us that says to dismiss the charges, couldn't you argue that inherent in the whole concept, as they have it, of diversion, is that the defendant, if he's diverted, knows and it's understood that if he carries out his part of the bargain, the charges will be dropped. That's the essence of diversion. Yes, Your Honor. Thank you, Mr. Sheldon. Ms. Moore? Good morning. Good morning. Do you agree with Mr. Sheldon that the interpretation of the papers here that purportedly constitute a contract is a question of law? Your Honor, whether the pretrial diversion agreement is a contract is a question of law, yes. And is the content of that contract in this circumstance not also a question of law? Is Your Honor referring to the language of the agreement? Yes, the rights and obligations of the two parties to the agreement. In the case of these documents, is that not also a question of law? Yes, it is, Your Honor. Now, at page 6 of the opinion of the trial judge, it seems to me that the principal rationale is on the premise that the rights and obligations of the parties to this contract are a question of fact and a question of fact found by a military tribunal. Is that not right? Your Honor, I'm looking at the ACCA decision. I don't see a page 6 of that. No, no. The decision of the trial judge at page 6. Oh, the court of federal claims. I'm sorry. I was looking at the ACCA decision. Page 6. Yes, Your Honor. That is true. So isn't that an error by the trial judge? She treated this as an issue of fact and then cited cases precluding civilian courts from redetermining the facts found in courts martial. But if she's wrong in saying that it's a factual matter, then her whole rationale collapses, does it not? Your Honor, if I may give some background to what she did. But Your Honor is correct that she did treat that issue as a question of fact, whereas what actually happened was— And you agree that it was actually a question of law? Not entirely. What happened was the ACCA, which is the Army Court of Criminal Appeals below, treated that as both a question of law and went further, almost as a plural evidence principle, into whether or not there was any evidence, i.e. factual evidence, that the Army deemed itself to be bound by this agreement. So the ACCA went outside the parameters of the language of the diversion agreement itself. She was referring to that finding by the ACCA when she said that factual issues are not to be collaterally attacked in the claims court. She did not address the ACCA's legal pronouncement that the interpretation of the agreement was unambiguous. But if you agree that the meaning of this contract is a question of law, then how can you rest on the rationale of the claims court judge who treated it at least in part as a matter of fact? She treated the part as a factual matter that the ACCA had addressed as a factual matter. Stick with me here. She threw it out for lack of jurisdiction. So she said, I have no jurisdiction over any question in this case. Now I thought you agreed with me that at least one question in this case, the meaning of the contract, is a question of law on this record. So she's necessarily saying, no, no, no, there are no legal questions here. There are only factual questions. And therefore under Bowling, which she cites, I have to throw this out for lack of jurisdiction because I have no authority, which is true, to refine facts found by a military tribunal. So I don't see that she admits that there's any legal issue here. She treats them as all factual issues and throws the case out for lack of jurisdiction. Am I misreading her opinion? She did that for that particular issue of the pretrial diversion agreement, but she does address the legal issue of double jeopardy, which is a legal issue. Yeah, but that's not raised here on appeal. So all we're talking about in this appeal, as I understand it, is whether there was a contract between somebody representing the government and Mr. Lawrence Raggard that precluded the later court-martial proceeding where he pleaded guilty to assault. Yes, and she did not address that as a legal issue. She did not address that? She did not address the interpretation or the meaning of the pretrial agreement, i.e., whether it bound the Army. That suggests to me one of two possibilities. Either that we should send it back to her and tell her to address it, or we should say treating this as a matter of fact was erroneous, but the error was harmless because on the face of this contract and the arrangement, there's no question that it was an agreement only to dismiss the distance proceeding. Yes, Your Honor, and the court should do the latter because questions of law are reviewed by this court de novo, and it is clear that the terms of that diversion agreement bind only the D.C. Corporation Council or the district. Did you argue harmless error anywhere in the brief? I didn't see that. We did not argue harmless error, Your Honor. But you agree that she was in error. She properly looked at the ACCA's factual determination. Yes, but she found no legal issue. She found no legal issue. That part's erroneous. She could not review that issue or that finding, factual finding, by the Army Court of Criminal Appeals. She did not go further in saying, however, I will review the legal discussion that they gave regarding the terms of the agreement and whether or not— Well, why couldn't we be bound by what she did decide, not what she might have decided but didn't decide? This court reviews legal determinations de novo. That's an undisputable proposition. Was there any legal determination as to the terms of the contract? Made by the Court of Federal Claims or by the ACCA? By the Court of Federal Claims. Not by the Court of Federal Claims that I have seen in the opinion when I read it, no. Why didn't you argue harmless error? Why didn't you argue for affirmance on an alternative ground? We did not see that as necessarily error because she did review the ACCA's factual findings and said that the court cannot be collaterally attacked because the ACCA— She looked at it in a broader sense and said, did the ACCA look at— Their decision is not on appeal here. The only thing we're reviewing is the claims court judge's decision, not the Army appellate's decision. But she properly applied the standard of review that the claims court has over ACCA decisions, and that is the claims court may look at those decisions and determine whether all the issues brought by plaintiff were fully and fairly considered by the military court, and that's what she did, in her opinion. So, legally, she was correct in looking at whether all of Mr. Becker's arguments were addressed by the military tribunal, and they were fully addressed. They were fully considered in its decision, its written decision. Well, I noticed here in looking at her opinion, at the page 6 of her opinion, point 2, the caption reads as follows. The interpretation of the agreement is a question of fact for the military court, and I understood from your argument here today that you say that was not correct, that the interpretation of the agreement is a question of law. Well, the word interpretation, Your Honor, is perhaps ambiguous in this context. The ACCA did read the agreement, and they looked at its language, and it said the language of the agreement is ambiguous. Is she correct in saying that the interpretation of this agreement is a question of fact? And then she goes on a couple of paragraphs later, saying the United States Court of Federal Claims does not have jurisdiction to reexamine questions of fact resolved by military courts. What she seems to say is what the agreement means is a question of fact, and I don't have jurisdiction to reexamine that question of fact. Now, it's a very different situation, as it turns out, that in fact the interpretation of the agreement is a question of law. Then, presumably, what she should have done instead of saying that was to say, OK, it's now my job to interpret the agreement, and I interpret it as meaning so-and-so. The ACCA treated that issue as a missed question of fact and law, and they found in their decision at no time during the negotiations between the appellant and the D.C. Corporation Counsel Office did any representative of that office indicate to the appellant any intention to bind any other agency by the D.C. Corporation Counsel Office. That's what someone else found, but as Judge Michelle pointed out, the issue before us is whether the Court of Federal Claims correctly or incorrectly dismissed the suit. That's the question for us, and it seems as though with respect to the interpretation of the agreement, the reason that the Court dismissed the suit was because of an erroneous conclusion that the interpretation of the agreement is a question of fact that is beyond the jurisdiction of the Court of Federal Claims to reexamine. But as this Court, the Court of Federal Claims, was also a reviewing court in this unusual instance. She had a standard of review to apply to the military court's decision, which she was applying. She was saying in her opinion the factual determination made by the ACCA that at no time during the negotiations did anybody purport to bind the Army. That's a factual determination. Is that a factual? I thought you said that's a legal determination. The ACCA made factual findings and legal determinations in deciding the broader issue of… Let me put the question a little differently to you. What is the government's position now? Is the government's position that the interpretation of this agreement, i.e., whether it precluded the Army from court-martialing him, that the interpretation of the agreement is a question of fact or a question of law? I don't want to know what the military court said. What is your position now? Is that a question of fact, in which case she's correct, or is it a question of law, in which case she's not correct? In this context, it's both, because the military went outside the bounds of the agreement's language, and she did as well, to find that it's factual finding that during the negotiations before the agreement was enacted or executed, no one purported to bind the Army. That's almost the plural evidence standard going outside the terms of the agreement. Where does she treat the legal issue of what the contract means? She does not address the language of the agreement. But isn't it erroneous for her to not address the legal issue and just hide behind the military court on a collateral factual issue? Was that erroneous, Your Honor? Yes. Perhaps. What do you make of the sentence that runs from page 6 to page 7 of the Court of Federal Claims opinion? It reads, Accordingly, the decision of the United States Army Court of Criminal Appeals that the agreement applied only to the District of Columbia is binding as a matter of law. She's not saying that that is a legal issue. She's saying that according to her standard of review, the Court of Claims standard of review, that only a constitutional defect can be looked at by the Court of Federal Claims, not a question of fact. She's using that standard of review in that statement. What does she mean by, as a matter of law? The standard of review for a Court of Federal Claims jurisdiction over a military court decision is whether there were constitutional defects in the due process afforded a plaintiff. I understand what the law is, but when she inserts this phrase, as a matter of law, what do you think she's indicating? Isn't she, in fact, indicating it's binding as a matter of law because I cannot re-examine the factual findings of the military? That's what it seems to say. It binds it as a matter of law because it's beyond her authority to determine that. She is saying that for this particular issue. Mr. Warren, let me ask you this hypothetical to try to clarify where your position comes to rest. Suppose that I'm the Attorney General of the United States, and that Major Birdsong, or Colonel Birdsong, I can't see his insignia well enough in this light, so I hope I didn't demote you, sir. But suppose he's the Judge Advocate General of the Army. I'm the Attorney General of the United States, he's the Judge Advocate General of the Army. We go into a court in Pittsburgh, Pennsylvania, and the defendant signs a plea agreement in which he pleads guilty to some minor offense, and the Advocate General of the Army and I, the Attorney General, sign the papers. So there's no question of is one system trying to bind the other. Both systems are signing on the agreement. Now, where there's later a dispute about what the promises in that agreement were, no question of authority or both systems being represented, isn't the content of that agreement signed by the Attorney General and the Judge Advocate General and the defendant a question of law? If the language is unambiguous, yes. So the question really comes down to is whether we should send it back to her to determine the meaning of this agreement, or whether the meaning of this agreement is so clear on its face that we can determine it without having another round of proceedings. Your Honor, we argue the latter, because in our brief we did address this issue as a question of law, and our brief is persuasive and clearly should convince the court that should the court have to look at this as a question of law, it can easily decide for itself that the Army was not bound by this agreement. Who represented the government below? The government, Your Honor, before the military? No, the only proceeding we're reviewing is the Court of Federal Claims. I did, Your Honor. Why didn't you tell the trial judge that she didn't decide the key issue in the case, and ask her to do it? We did brief the legal issue of interpretation below before the trial. I understand that, and she ducked the issue. Why didn't you go back to her on a motion for reconsideration? Your Honor, as a judge, you failed to answer the big question in this case. Please answer it. Save us all a lot of time and agony. Here we are now, a better part of a year later, spending money, spending time, to try to figure out why she didn't decide the issue that you briefed and asked her to decide. Your Honor, as a question of law, this court can review DeNova for itself. My question to you is why didn't you move for reconsideration to get her to answer the key question in the case? Her decision addressed what the most important issue was. Why don't you just say you didn't think that? If that's the right answer. Well, it's clear that the Court of Federal Claims doesn't have jurisdiction unless there is a constitutional defect in the lower court proceedings. And it was very clear that on that most important issue, the court was correct in dismissing the complaint. Meaning you thought she did address all the issues that needed to be addressed? The first issue is whether the military court addressed or fully considered all of Mr. Raggard's arguments. And she looked at that and she found that yes, it did. My question to you is, was it your view at the end of the proceeding when you read her opinion that she had addressed all the issues that needed to be addressed? Yes or no? She did address the diversion agreement. She addressed the double jeopardy argument and any serious constitutional defects. Were those all the issues that needed to be addressed? In a broad sense, yes, she did. Thank you, Mr. Shelby. You have about three minutes. Chief Judge, I want to go directly to your question that you asked of me and the different question that you asked of Ms. Moore. And I believe that that is in essence a similar question. The question that you asked of me was, if a United States attorney in Pittsburgh decides to forego prosecution in the Western District of Pennsylvania, does that preclude prosecution by the United States military? I answered the question no. The correct answer is yes and no. It depends on what the reasons are for the United States attorney's decision. If there's agreement, as you indicated, where the United States agrees to forego prosecution because the accused cooperates, because the accused does something in terms of community service, and it agrees and that agreement is then satisfied by the accused, then prosecution by the United States military is precluded. Under what authority? Under the authority of the Margalis case that we cited among the other cases in our brief. You have to look at the agreement, and I apologize to the court. I will submit it. That agreement, if it does not exclude prosecution by the United States military, if it allows for prosecution by the United States military, then the military can prosecute. But if it doesn't address it, and if it doesn't address that issue, then by— should be spelled out in positive form, so that if the military justice system is to be shut down for a particular offense, that the plea agreement in the civilian system should have to say so. And if it's silent, then the military system should not be deemed shut down. Because as the authority that we cite in our brief, this agreement is construed against the person who drafted the agreement. And because under traditional contract law, if it does not address that, if it doesn't include or exclude that, then it's deemed to include it. With the same principle, we've been talking this entire time about the military, because it was the military that prosecuted him. But suppose what you had is the proceedings take—suppose we had a case where the district proceeds against somebody for some offense, and then they work out this deal that he's going to be—do community service in the military, and the district drops the case. And then all the papers are signed by the corporation counsel of the district. Would that agreement preclude the United States attorney for the District of Columbia from subsequently indicting this person for a different offense for going out of the same conduct? I see my time is up. You may answer. Good v. Markley definitively answers that question. Pardon me? Good v. Markley, which is cited in our brief at the D.C. Circuit Court, definitively says the United States attorney would be precluded from going forward. Even though there's no reference in the agreement to the United States attorney's prosecution? Yes, Your Honor. All right. We thank both counsel. We'll take Raggard v. United States under advisement. All rise. The honorable court has adjourned until 10 o'clock tomorrow morning.